UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARY SEXTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:09CV0008 AGF |
| CITY OF HANNIBAL, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Beau Hicks's motion (Doc. #82) for sanctions against Plaintiff pursuant to 28 U.S.C. § 1927, for discovery abuse. This motion shall be denied.

Hicks seeks monetary sanctions in the form of the fees and costs he incurred in successfully moving to quash (1) subpoenas issued by Plaintiff to two hospitals for all documents related to medical bills for Hicks and his wife and his children from 2005 to the present, and to a state circuit court for documents related to Hicks's divorce case and another case; and (2) a notice issued by Plaintiff to take the depositions of the records' keepers of the hospitals and state circuit court. In granting Hicks's motion to quash the Court noted that Plaintiff's actions in this regard were "wholly inappropriate." He also seeks sanctions for Plaintiff filing a motion regarding spoliation of evidence, and allegedly irrelevant statements in her statement of facts in support of her motion for summary judgment.

Plaintiff argues that the motion should be denied because there is overwhelming evidence that Hicks is liable on the merits of Plaintiff's claims, and

because Plaintiff was reasonably trying to obtain information through the subpoenas that she thought she had a right to before responding to Defendants' motions for summary judgment. Plaintiff argues that Hicks's present motion for sanctions is frivolous and designed solely to harass and oppress her because she has presented substantial evidence of the Defendants' wrongdoing.

Section 1927 provides for sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999). The Eighth Circuit has interpreted § 1927 to warrant sanctions when attorney conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Id. (citations omitted). Because § 1927 "is penal in nature, it should be strictly construed so that it does not dampen the legitimate zeal of an attorney in representing his client." Id. (affirming sanctioning of counsel for filing a class action complaint and permitting discovery and motion practice to proceed for over one and one-half years before abandoning class action claims without explanation).

The history of this litigation, even by a quick review of the docket, reveals both parties assumed aggressive and at times combative postures regarding discovery and motions practice. The misconduct in the cases in which sanctions have been awarded under § 1927 displays a different degree of culpability than the conduct of Plaintiff's counsel challenged here. See, e.g., Clark v. United Parcel Serv., Inc., 460 F.3d 1004, 1007, 1010-11 (8th Cir. 2006) (affirming the district court's award of § 1927 sanctions where the attorney submitted unnecessarily voluminous filings in an attempt to "force the

opposition to either yield to its position or be crushed under a great weight of misstated factual assertions . . . "); <u>Gundacker v. Unisys Corp.</u>, 151 F.3d 842, 849 (8th Cir. 1998) (affirming sanctions where attorney repeatedly disobeyed the district court's orders); <u>Perkins v. Gen. Motors Corp.</u>, 965 F.2d 597, 601-02 (8th Cir. 1992) (affirming sanctions where attorney filed documents she knew contained false statements).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Beau Hicks's motion for sanctions is **DENIED**. [Doc. #82]

                                                             _____
                                                             AUDREY G. FLEISSIG
                                                             UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2011.