UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MARY SEXTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:09CV0008 AGF |
| ) | |
| CITY OF HANNIBAL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Mary Sexton's motion for sanctions due to spoliation of evidence (Doc. #73). An evidentiary hearing was had on the motion on March 16, 2011. Based on the entire record, and the Court's assessment of the credibility of the witnesses at the hearing, Plaintiff's motion shall be denied.

## BACKGROUND

Plaintiff claims that she was fired November 10, 2008, from her job with the City of Hannibal in violation of her First Amendment rights and state law for reporting that her supervisor, Beau Hicks, was stealing money from the City, specifically, from money the City made from souvenir sales and admissions to a museum. Plaintiff testified at the hearing that on the day of her termination, there were documents in her desk and file cabinets that supported her assertion that the monies in question were missing. She described these documents as deposit slips, receipts and tally sheets. Plaintiff had requested these documents from Defendants -- the City and several City officials, including Hicks -- who responded that the documents could not be located. Several

witnesses, including Hicks, testified accordingly on Defendants' behalf and specifically denied destroying any such documents.

Plaintiff argues that she is entitled to sanctions in the form of a default judgment against Defendants. In the alternative, she asks the Court to give an adverse inference instruction to the jury, telling the jury that there is an inference to be drawn from the destruction of this evidence that the evidence would have been favorable to Plaintiff. Defendants argue that sanctions must be denied as there is no evidence that any of the Defendants intentionally destroyed the documents. The Defendants other than Hicks also argue that there is no evidence that they had access to or were even aware of the documents at issue.

## **DISCUSSION**

Where spoliation of evidence occurs prior to litigation, "[a] district court is vested with discretion to impose sanctions upon a party under its inherent disciplinary power." Bass v. Gen. Motors Corp., 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). The Eighth Circuit has held, however, that before a court may impose sanctions for the destruction of evidence, there must be "'a finding of intentional destruction indicating a desire to suppress the truth,'" and a finding of prejudice to the opposing party. Morris v. Union Pac. RR, 373 F.3d 896, 901 (8th Cir. 2004) (quoting Stevenson v. Union Pac. RR Co., 354 F.3d 739, 745 (8th Cir. 2004)).

Here, the Court finds that there is insufficient evidence that any of the Defendants intentionally destroyed the documents in question. Indeed, as they correctly note, there is no evidence that any of the Defendants other than Hicks had any dealings whatsoever with the documents. Accordingly, sanctions against Defendants are not

warranted.  See Gallagher v. Magner, 619 F.3d 823, 845 (8th Cir. 2010) ("[W]here a court expressly finds, as here, that there is no evidence of intentional destruction of evidence to suppress the truth, then the district court also acts within its discretionary limits by denying sanctions for spoliation of evidence."); Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1006 (8th Cir. 2006) (reversing dismissal of the case as a sanction for the plaintiff's prelitigation destruction of evidence where the district court did not first make a finding of bad faith on the plaintiff's part).

Plaintiff shall not be precluded from requesting an adverse inference instruction at a later point in the proceedings, should the case go to trial.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for sanctions due to spoliation of evidence is **DENIED**. [Doc. #73]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2011.